# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1324WM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | On Appeal from the United |
| Appellee, | * | States District Court |
| | * | for the Western District |
| v. | * | of Missouri. |
| | * | |
| Larry Dean Sykes, | * | [Not To Be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 1, 2001
Filed: June 27, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
Circuit Judges.

_____

PER CURIAM.

Larry Dean Sykes appeals pro se from his convictions, following a bench trial, of one count of conspiracy to receive, possess, and dispose of stolen firearms that had been transported in interstate commerce, knowing the firearms were stolen, and two counts of receiving, possessing, and disposing of such firearms, all in violation of §§ 922(j) and 924. The District Court[1] sentenced Mr. Sykes to concurrent terms of 27

---

[1] The Hon. Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

months imprisonment, to be followed by three years of supervised release. Mr. Sykes argues that the government improperly withheld exculpatory evidence, that § 922(j) is an unconstitutional exercise of power under the Commerce Clause, and that there was insufficient evidence to find beyond a reasonable doubt that he knew the firearms were stolen. We affirm.

Mr. Sykes waived counsel and chose to represent himself in this case. At trial, which commenced on June 5, 2000, it was stipulated that the eighteen firearms listed in the indictment were stolen from various individuals in Missouri, and that Mr. Sykes purchased sixteen of them from Michael Collom or Lyndall Shive. Mr. Collom testified at trial that he was in an accident in May 1998, after the crimes involved in this case were committed, and that the accident affected his short-term memory. He agreed to tell the Court if any questions he was asked got into an area where his memory was affected. He testified that he and Mr. Shive committed numerous residential and business burglaries and sold much of the stolen property, including the firearms, to Mr. Sykes, who knew the property was stolen. Mr. Collom testified that Mr. Sykes asked what areas the firearms and other property were stolen from so that he would not resell them in the same area. Mr. Sykes paid in cash for the stolen property and paid the burglars significantly less than the property was worth.

Several law enforcement officers testified about the search of Mr. Sykes's home during which most of the firearms in question were found. The other firearms involved were turned in by people holding them pending sale by the defendant, or to whom he had sold them. One officer testified that the firearms traveled in interstate commerce to reach Missouri. Mr. Sykes testified that he paid a fair price for each gun he purchased from Mr. Collom or Mr. Shive and that he "never suspected" the firearms and other property he purchased from them were stolen. Mr. Sykes called eight other witnesses, who testified that he made a living buying, selling, and trading merchandise, and that they never knew him to sell stolen goods knowingly.

Mr. Sykes first argues that his convictions should be overturned because the government violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), by withholding evidence regarding Mr. Shive's location (he was in a Missouri prison) until two days prior to trial, and regarding Mr. Collom's May 1998 accident. First, we do not believe it can be said that this evidence was suppressed. Upon review of the record we conclude there was no "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." <u>United States v. Bagley</u>, 473 U.S. 667, 683 (1985).

In considering Mr. Sykes's argument that the evidence was insufficient to prove beyond a reasonable doubt that he knew the firearms were stolen, we view the evidence "in the light most favorable to the government, giving the government the benefit of all reasonable inferences; we may overturn the verdict only if the evidence is such that a reasonable-minded factfinder must have entertained reasonable doubt as to the government's proof of an essential element of the offense." <u>United States v. Crawford</u>, 115 F.3d 1397, 1407 (8th Cir.), <u>cert. denied</u>, 522 U.S. 934 (1997). Upon review of the record, we conclude that the government's case was sufficient.

Lastly, Mr. Sykes's constitutional challenge to § 922(j) is without merit. See <u>United States v. Kocourek</u>, 116 F.3d 481(8th Cir. 1997) (per curiam) (§ 922(j) is a proper exercise of Congress's power under the Commerce Clause).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.