[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2003
THOMAS  K. KAHN
CLERK**

No. 02-14129

D. C. Docket No. 02-00033 CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DRAPER PRITCHETT,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Alabama

**(April 9, 2003)**

Before DUBINA and FAY, Circuit Judges, and DOWD*, District Judge.

DUBINA, Circuit Judge:

---

*Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

The question presented in this appeal, which is one of first impression in our circuit, is whether 18 U.S.C. § 922(j) is constitutional under the Commerce Clause[1] of the United States Constitution. For the reasons that follow, we hold that § 922(j) is a proper exercise of Congress's power under the Commerce Clause and, consequently, affirm.

## I. BACKGROUND

In a one-count indictment, a federal grand jury in the Southern District of Alabama charged Appellant Draper Pritchett ("Pritchett") with receiving and possessing a stolen firearm, knowing or having reasonable cause to believe that the firearm was stolen, in violation of 18 U.S.C. § 922(j). Specifically, the indictment charged that Pritchett unlawfully possessed a Hi-Point, 9mm caliber rifle, Model 995 Carbine, serial number B31802, which previously had been shipped or transported in interstate commerce, and which had been stolen less than 24 hours earlier during a burglary of Larry's Sporting Goods and Gun Shop in Mobile, Alabama.

At approximately 4:21 a.m., in response to an alarm, Mobile police officers were dispatched to Larry's Sporting Goods and Gun Shop. At approximately 5:07 a.m., the owner of the business arrived. After entering the premises, he discovered

---

[1] U.S. Const. art. I, § 8, cl. 3.

2

that the store had been burglarized. The burglars stole several firearms, including the one at issue here.

Later that day, at approximately 7:55 p.m., police officers responded to a call reporting "shots fired" in the Roger Williams Housing Project, which is also located in Mobile, Alabama. After arriving at the scene, officers heard five or six gunshots. The officers ran to the area where the shots were fired and encountered Pritchett standing about three feet away from the stolen rifle. The officers also found a magazine clip containing four rounds of 9mm ammunition. A record check of the recovered firearm revealed that the weapon was one of the firearms stolen earlier that morning from Larry's Sporting Goods and Gun Shop.

Initially, Pritchett told conflicting stories about how he came to be in such close proximity to the stolen firearm. Eventually, however, Pritchett admitted to Alcohol, Tobacco, and Firearm ("ATF") agents that he had purchased the gun knowing that it had been stolen, and had fired it as well.

Pursuant to a written plea agreement, Pritchett entered a conditional plea of guilty, preserving his right to appeal the constitutionality of 18 U.S.C. § 922(j). Attached to, and made part of the written plea agreement, was a factual statement also signed by Pritchett. In essence, Pritchett admitted under oath that he

unlawfully received and possessed the stolen firearm, which had been shipped and transported in interstate commerce before it was stolen.

The district court sentenced Pritchett to 12 months imprisonment and a three-year term of supervised release. He then perfected this appeal.

## II. STANDARD OF REVIEW

This court reviews the constitutionality of statutes *de novo. United States v. Scott*, 263 F.3d 1270, 1271 (11th Cir. 2001) (citing *United States v. Reynolds*, 215 F.3d 1210, 1212 (11th Cir. 2000)), *cert. denied*, 534 U.S. 1166, 122 S. Ct. 1182 (2002).

## III. ANALYSIS

The thrust of Pritchett's argument is that § 922(j) is unconstitutional because the Commerce Clause requires more than a minimal nexus between the matter regulated and interstate commerce. Pritchett acknowledges that we held in *United States v. Dupree*, 258 F.3d 1258, 1259-60 (11th Cir. 2001), that a defendant's possession of a firearm that had traveled in interstate commerce in the past was sufficient to satisfy the interstate commerce element of a similar statute, 18 U.S.C. § 922(g)(1), and sufficient to satisfy the requirements of the Commerce Clause. *See also United States v. McAllister*, 77 F.3d 387, 389 (11th Cir. 1996) (holding, in the wake of *United States v. Lopez*, 514 U.S. 549, 115 S. Ct. 1624,

4

131 L. Ed. 2d 626 (1995), that § 922(g) does not violate the Commerce Clause).

Moreover, *Dupree* reaffirmed the holding in *McAllister* that § 922(g) requires only a minimal nexus between the matter regulated and interstate commerce. *Dupree*, 258 F.3d at 1260.

Importantly, the United States Supreme Court addressed the constitutionality of the predecessor statute to § 922(g) in *Scarborough v. United States*, 431 U.S. 563, 575, 97 S. Ct. 1963, 1969, 52 L. Ed. 2d 582 (1977), and held that the interstate commerce element is met by demonstrating a "minimal nexus" between the firearm and interstate commerce. Nothing suggests that we should treat § 922(j) any differently than § 922(g). A minimal nexus with interstate commerce exists here. Pritchett does not dispute the fact that the firearm in question was manufactured outside the State of Alabama, and traveled to Alabama at some point in time before he took possession of it.

Instead, Pritchett argues that the cases of *United States v. Lopez*, 514 U.S. 549, 115 S. Ct. 1624, 131 L. Ed. 2d 626 (1995); *United States v. Morrison*, 529 U.S. 589, 120 S. Ct. 1740, 146 L. Ed. 2d 658 (2000); and *Jones v. United States*, 529 U.S. 848, 120 S. Ct. 1904, 146 L. Ed. 2d 902 (2000), somehow render suspect the holding of *McAllister*. Pritchett contends that the interstate commerce activity regulated by the Commerce Clause must now substantially affect interstate

commerce. We disagree. In fact, we decided *McAllister* after *Lopez* and concluded that "[n]othing in *Lopez* suggests that the 'minimal nexus' test should be changed." *McAllister*, 77 F.3d at 390. Moreover, the Supreme Court's decision in *Lopez* does not apply to § 922(g) because § 922(g) contains a jurisdictional element absent in the statute invalidated by *Lopez*. *Id.* Thus, we conclude that *Lopez* does not apply to § 922(j) because it contains the same jurisdictional element found in § 922(g), and it is missing from the statute at issue in *Lopez*.

Section 922(j) states as follows:

> (j) It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, *which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen*, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

18 U.S.C. § 922(j) (emphasis added).

Two circuits have considered the identical question at issue in the present case and have specifically held that § 922(j) is a proper exercise of Congress's power under the Commerce Clause. *United States v. Sykes*, 12 Fed. Appx. 446,

6

448 (8th Cir. 2001) (unpublished decision) (citing *United States v. Kocourek*, 116 F.3d 481 (8th Cir. 1997)); *United States v. Luna*, 165 F.3d 316, 319 (5th Cir. 1999). In *Luna*, the Fifth Circuit reasoned that § 922(j) "contains language virtually identical to that of §§ 922(g)(1) and (g)(8), related provisions in the federal firearms statute that we have held constitutional in the face of post-*Lopez* Commerce Clause challenges." 165 F.3d at 320. We agree with and adopt the reasoning of our sister circuits in *Sykes, Kocourek*, and *Luna*.

In this case, the government showed that the stolen firearm possessed by Pritchett traveled in interstate commerce at some point in the past. Thereby, the government established at least a minimal nexus with interstate commerce sufficient to permit the indictment and conviction under 18 U.S.C. § 922(j) to stand. Accordingly, we affirm Pritchett's conviction.

**AFFIRMED.**