[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14427
Non-Argument Calendar

_____

D. C. Docket No. 02-00234-CR-1-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY L. LAROCHE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(March 13, 2006)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Anthony L. Laroche appeals from his conviction after he pled guilty to

possession of stolen firearms, in violation of 18 U.S.C. § 922(j). Laroche asserts 18 U.S.C. § 922(j): (1) exceeds Congress' authority under the Commerce Clause as evidenced by its application to the facts of his case, and (2) was not a bona fide act of Congress since there is no enacting clause on the law's face.[1] Laroche's claims are without merit and we affirm his conviction.

## I. DISCUSSION

A. *Commerce Clause*

We review challenges under the Commerce Clause raised for the first time on appeal for plain error. *United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005). To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights. *United States v. Olano*, 113 S. Ct. 1770, 1776 (1993). If all three conditions are met, we may exercise our discretion to recognize a forfeited error, but only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotations omitted). Under plain error review, "the defendant bears the burden of persuasion with respect to prejudice or the effect on substantial rights." *United States v. Monroe*, 353 F.3d 1346, 1352 (11th Cir.2003). When neither the

---

[1]Laroche advances the same arguments at to 18 U.S.C. § 922(g)(1), as to both of the issues he raises on appeal. Because he was only convicted of violating 18 U.S.C. § 922(j), we address only his arguments as they relate to that statute.

Supreme Court nor this Court has resolved an issue, there can be no plain error in regard to that issue. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005).

18 U.S.C. § 922(j) states as follows:

> It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

18 U.S.C. § 922(j).

The Supreme Court has held Congress may regulate firearms under the Commerce Clause as long as there is a "minimal nexus" between the firearm and interstate commerce. *Scarborough v. United States*, 97 S. Ct. 1963, 1969 (1977) (addressing the constitutionality of the predecessor statute to 18 U.S.C. § 922(g)). We have held § 922(j) is a proper exercise of Congress' power under the Commerce Clause, and is subject to the minimal nexus requirement. *United States v. Pritchett*, 327 F.3d 1183, 1186 (11th Cir. 2003). A minimal nexus with interstate commerce exists when the firearm in question was manufactured outside

3

of the state in which it was found and traveled to that state before the accused took possession of it. *Id.*

Because the Government presented evidence the firearms were manufactured outside of Georgia and traveled in interstate commerce at some point in the past, there was at least a minimal nexus with interstate commerce sufficient to permit the indictment and conviction under § 922(j). *See Pritchett*, 327 F.3d at 1186. There is no authority for Laroche's argument that a firearm is removed from the stream of commerce when it becomes a part of a collection, such that there is no error in this respect, much less one that is plain.

B. *Enacting Clause*

Federal law provides "[t]he enacting clause of all Acts of Congress shall be in the following form: 'Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled.'" 1 U.S.C. § 101. Laroche does not cite a public law number for the original enactment of § 922(j), and the legislative history for the statute is complex. Although Laroche suggests Congress did not abide by 1 U.S.C. § 101 when it enacted § 922(j), he fails to identify which congressional action he believes supports his proposition, or provide a citation thereto, and the basis for his argument is not entirely clear.

Laroche relies only on state cases to support his proposition. There is no federal authority to support Laroche's argument that a lack of an enacting clause renders a statute invalid. A federal case that addresses the lack of an enacting clause in a federal statute summarily rejected an enacting clause claim because the United States Constitution does not require enacting clauses. *United States v. Ramanauskas*, 2005 WL 189708 at \*2 (D. Minn. Jan. 21, 2005). Laroche has not shown any error, much less plain error on this claim.

## II. CONCLUSION

18 U.S.C. 992(j) is a valid statute, and there was no error in convicting Larcohe under this statute. We affirm Laroche's conviction.

AFFIRMED.