[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10970
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-20633-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND HAILE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 10, 2019)

Before TJOFLAT, WILSON, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Raymond Haile pleaded guilty to possession of a stolen firearm under 18

U.S.C. § 922(j).[1]  Haile appeals his conviction and 120-month sentence, arguing

_____

[1] 18 U.S.C. § 922(j) makes it "unlawful for any person to receive [or] possess . . . any
stolen firearm . . . which has been shipped or transported in[] interstate commerce, either before

first, that § 922(j) is unconstitutional under the Commerce Clause, and second, that the district court abused its discretion in imposing an unreasonable sentence. We disagree and affirm.

## I.

The constitutionality of a statute is ordinarily a question of law reviewed de novo. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). Because Haile raises his constitutional challenge for the first time on appeal, however, we review for plain error. *United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005). Haile argues that § 922(j) is unconstitutional under the Commerce Clause both facially and as applied to him.

Congress may regulate firearms under the Commerce Clause if there is a "minimal nexus" between the firearm and interstate commerce. *Scarborough v. United States*, 431 U.S. 563, 575 (1977). Haile relies on a pair of Supreme Court decisions to argue that § 922(j) fails under the "minimal nexus" standard: *United States v. Lopez*, 514 U.S. 549 (1995), and *United States v. Morrison*, 529 U.S. 598 (2000). In *Lopez*, the Supreme Court struck down a gun control statute under the Commerce Clause because it "contain[ed] no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question

---

or after it was stolen, knowing or having reasonable cause to believe that the firearm . . . was stolen."

affect[ed] interstate commerce." 514 U.S. at 561. In *Morrison*, the Supreme Court invalidated another statute for violating the Commerce Clause because it regulated noneconomic activity and, like the statute in *Lopez*, contained "no jurisdictional element establishing that the federal cause of action is in pursuance of Congress' power to regulate interstate commerce." 529 U.S. at 613, 617.

In *United States v. Pritchett*, 327 F.3d 1183, 1185 (11th Cir. 2003), we rejected this precise argument and held that § 922(j) was not made unconstitutional following *Lopez* and *Morrison*. We reasoned that, unlike the statutes in *Lopez* and *Morrison*, § 922(j) expressly requires the firearm to have been shipped or transported in interstate or foreign commerce, which satisfies the minimal nexus requirement. *Pritchett*, 327 F.3d at 1185–86; 18 U.S.C. § 922(j). *Pritchett* thus squarely forecloses Haile's argument. And because we are bound by a prior panel opinion unless it has been overruled by the Supreme Court or this Court sitting en banc, *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009), we affirm Haile's conviction under § 922(j).

## II.

We review the district court's imposition of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Under the abuse of discretion standard, we consider both the procedural and substantive reasonableness of the sentence. *Id.* The burden is on the party challenging the

sentence to show that the sentence was unreasonable in light of the record and the factors in 18 U.S.C. § 3553(a).

### A.

Haile argues that his sentence is procedurally unreasonable because the district court failed to consider his unique circumstances and imposed a sentence that was greater than necessary to achieve the purposes of § 3553.  Haile failed to make an objection to the procedural reasonableness of his sentence in the district court.  Accordingly, we review that claim for plain error.  *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  To show plain error, a defendant must demonstrate that: (1) the district court erred; (2) the error was plain; and (3) the error affected his substantial rights.  *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

Although explanation of the sentence is required, the sentencing judge is under no duty to "articulate his findings and reasoning with great detail."  *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (en banc).  Instead, the district court in sentencing "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356 (2007).  The record here shows that the district court explicitly considered Haile's "strong family support," the testimony of Haile's various character witnesses, the

4

letter of support from his employer, and his counsel's arguments.  The district court also explicitly noted that it considered the § 3553(a) factors.  Accordingly, Haile has not shown a plain error that affected his substantial rights.

### B.

A sentence is substantively reasonable if the totality of the circumstances and § 3553(a) factors support it.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  We will overturn a sentence, however, if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Irey*, 612 F.3d at 1190.

A district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from future crimes of the defendant.  *See* 18 U.S.C. § 3553(a)(2).  The district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or discuss them all individually, so long as it expressly acknowledges that it considered the party's arguments and the sentencing factors.  *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).  The weight given to each § 3553(a)

5

factor is within the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). The court is also free to attach great weight to one factor over the others. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1255 (11th Cir. 2015).

Haile's sentence was substantively reasonable. The district court specifically acknowledged Haile's arguments and the § 3553(a) factors before it imposed his sentence, indicating that the sentence was sufficient and not greater than necessary to achieve the purposes of the statutory sentencing factors. *See Scott*, 426 F.3d at 1329; 18 U.S.C. § 3553(a). The court also considered Haile's character witnesses, letter of support from his employer, and plea deal, which changed the statutory requirement of the sentence he might face from a 15-year minimum to a 10-year maximum. The court was free to place more emphasis on one factor than the others, and nothing in the record suggests that it "committed a clear error of judgment in doing so." *See Clay*, 483 F.3d at 743; *Rosales-Bruno*, 789 F.3d at 1255; *Irey*, 612 F.3d at 1190.

The district court did not abuse its substantial sentencing discretion. Accordingly, we affirm.

**AFFIRMED.**