[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13036

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ZACHARY DEE LOPEZ,
a.k.a. Zacahry Lopez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00025-KKM-SPF-1

_____

Before JORDAN, LAGOA and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Zachary Lopez appeals his convictions and 84-month total sentence for conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) ("Count One"); possessing with intent to distribute cocaine, in violation of § 841(a)(1) & (b)(1)(C) ("Count Two"); carrying a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Three"); and possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) ("Count Four"). On appeal, Lopez argues: (1) that he is legally innocent of Counts Three and Four because § 922(k) and § 924(c) are an unconstitutional infringement on his Second Amendment right to possess a firearm; (2) that § 922(k) is unconstitutional, both facially and as applied, because the statute exceeds Congress's authority under the Commerce Clause; and (3) that the district court plainly erred in applying the two-level U.S.S.G. § 2D1.1(b)(1) specific offense characteristic for possessing a dangerous weapon in calculating his guidelines range. Having read the parties' briefs and reviewed the record, we affirm Lopez's convictions but vacate his 84-month total sentence and remand for re-sentencing.

I.

While we typically review *de novo* the constitutionality of a statute, constitutional issues that are raised for the first time on appeal are reviewed for plain error. *United States v. Bolatete*, 977 F.3d 1022, 1032, 1034 (11th Cir. 2020). Under plain-error review, we can correct an error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). A "plain" error is one that is "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009). An error is not plain if "[n]o precedent from the Supreme Court or this Court, or explicit language of a statute or rule, directly resolv[es] the issue." *United States v. Innocent*, 977 F.3d 1077, 1085 (11th Cir. 2020) (internal quotation marks omitted). The error must be plain at the time of appellate consideration. *United States v. Smith*, 459 F.3d 1276, 1283 (11th Cir. 2006).

Lopez raises for the first time on appeal his Second Amendment argument that his convictions under Counts Three and Four are an unconstitutional infringement on his right to possess a firearm. The government responds that Lopez's argument fails under plain error review because he has not shown any binding precedent that holds that §§ 924(c) or 922(k) violate the Second Amendment. The government also contends that the Second Amendment's explicit text also does not plainly establish that Lopez can carry a firearm with an obliterated serial number or that he can carry a firearm to engage in drug-trafficking.

4                    Opinion of the Court                    22-13036

In *Dist. of Columbia v. Heller*, the United States Supreme Court sustained a Second Amendment challenge to a District of Columbia law that prohibited private possession of handguns in the home. 554 U.S. 570, 635, 128 S. Ct. 2783, 2821-22 (2008). The Court noted that, "on the basis of both text and history," the Second Amendment conferred an individual right to keep and bear arms. *Id.* at 595, 128 S. Ct. at 2799. It held that law-abiding citizens have a Second Amendment right to possess handguns in the home for the purpose of immediate self-defense. *Id.* at 635-36, 128 S. Ct. at 2821-22. *Heller* noted that historical commentary and court cases made clear that the Second Amendment right "is not unlimited." *Id.* at 626, 128 S. Ct. at 2816. Importantly, the Court stated that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill," among other limitations. *Id.*, 128 S. Ct. 2816-17.

While we have not addressed the constitutionality of § 924(c) or § 922(k) specifically, two years after *Heller* we rejected a challenge to 18 U.S.C. § 922(g)(1). *See United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010). Rozier possessed a firearm and ammunition after having been convicted of several felony drug crimes, and he challenged his conviction on the ground that § 922(g)(1) violates the Second Amendment. *Id.* at 769 & n. 1, 770. Noting that "the initial question is whether one is *qualified* to possess a firearm," we reasoned that, as a felon, Rozier's Second Amendment right "is not weighed in the same manner as that of a law-abiding citizen," such as the individual in *Heller*. *Id.* at 770-71. We explained that "statutes

disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment," and statutory restrictions like § 922(g)(2) on certain classes of people are constitutional. *Id.* at 771.

Recently, the Supreme Court issued its opinion in *N.Y. State Rifle & Pistol Ass'n. Inc. v. Bruen*, which involved a challenge to New York's gun-licensing regime. 597 U.S. 1, 11, 142 S. Ct. 2111, 2122 (2022). New York prohibited law-abiding citizens from obtaining a license to carry a gun outside the home unless they first proved "a special need for self-defense." *Id.* The Court ultimately ruled the scheme unconstitutional because "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Id.* at 10-11, 142 S. Ct. at 2122. *Bruen* reiterated that "*Heller*'s text-and-history standard" is the correct test for determining the constitutionality of gun restrictions. *See id.* at 39, 142 S. Ct. at 2138.

After *Bruen,* we rejected a defendant's Second Amendment challenge to § 922(g)(1). *See United States v. Dubois*, 94 F.4th 1284, 1291-93 (11th Cir. 2024). We noted that *Bruen,* like *Heller,* repeatedly described the right to bear arms as extending only to "law abiding, responsible citizens." *Id.* at 1292-93. We then determined that *Bruen* did not abrogate our precedent in *Rozier* under the

prior-panel-precedent rule[1] because the Supreme Court made it clear that *Heller* did not cast doubt on felon-in-possession prohibitions, and because the Court made it clear in *Bruen* that its holding was in keeping with *Heller*.  *Id*. at 1293.  We noted that *Rozier* "interpreted *Heller* as limiting the right to 'law-abiding and qualified individuals,' and as clearly excluding felons from those categories by referring to felon-in-possession bans as presumptively lawful." *Id*.  We held that, because clearer instruction was required from the Supreme Court before we could reconsider § 922(g)(1)'s constitutionality, we were still bound by *Rozier*, and Dubois's challenge based on the Second Amendment necessarily failed.  *Id*.

> Section 922(k) of Title 18 of the U.S. Code provides that:
>
> It shall be unlawful for any person knowingly to transport, ship, or receive, in interstate or foreign commerce, any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered or to possess or receive any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce.

---

[1] As discussed below, the prior-panel-precedent rule mandates that "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

18 U.S.C. § 922(k).  Section 924(c) of Title 18 of the U.S. Code proscribes carrying a firearm "during and in relation to any crime of violence or drug trafficking crime."  18 U.S.C. § 924(c)(1)(A).

The record demonstrates that, under plain-error review, Lopez's convictions under §§ 924(c) and 922(k) are not unconstitutional.  Lopez cannot establish error that is plain because neither the Supreme Court nor our court has held that § 924(c) is unconstitutional under the Second Amendment.  Further, the Supreme Court and our court have repeatedly held that the Second Amendment guarantees a right to "law-abiding citizens."  *See, e.g., Heller*, 554 U.S. at 635, 128 S. Ct. at 2821; *Dubois*, 94 F.4th at 1292-93.  Because the statute necessarily requires that a person not be engaging in law-abiding activity, namely be engaging in a crime of violence or a drug-trafficking crime, Lopez cannot show that the plain text of the Second Amendment or the case law analyzing it establishes that § 924 (c) is unconstitutional.  As to his as-applied challenge, although Lopez argues that he possessed the firearm in self-defense, he also admitted that he had knowingly possessed a firearm in furtherance of a drug-trafficking offense.  Lopez was not using the firearm as a law-abiding citizen, so we conclude the statute is not unconstitutional as applied to him.

Likewise, Lopez cannot establish plain error as to § 922(k) because neither the Supreme Court nor our court has held that this statute is unconstitutional under the Second Amendment.  In analyzing the text of the Second Amendment, the Supreme Court and our court have held that it guarantees a right to law-abiding citizens

to possess a firearm, and this does not establish that a law proscribing a person from carrying a firearm with an obliterated serial number is unconstitutional.  Because Lopez acknowledges that he possessed a firearm during the commission of a drug-trafficking offense, his conduct fell outside the scope of law-abiding purposes, and § 922(k) is not unconstitutional as applied to him.  Thus, because we see no merit to Lopez's Second Amendment challenge, we affirm his convictions on Counts Three and Four.

## II.

Lopez also argues that § 922(k) is unconstitutional, both facially and as applied because the statute exceeds Congress's authority under the Commerce Clause.  Although Lopez acknowledges that his challenge is foreclosed by this court's precedent, he asserts that § 922(k) is facially unconstitutional because it prohibits possession, a non-economic activity, and does not ensure that this activity substantially affects interstate commerce.  Lopez also argues that the statute is unconstitutional as applied to him because, while the gun at issue was manufactured in Austria, the government did not establish any connection between the charged offense of possession and interstate or foreign commerce.  The government responds that Lopez's argument, raised for the fist time on appeal, is foreclosed by our precedent.

As noted above, our prior-panel-precedent rule mandates that "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."  *Archer*,

531 F.3d at 1352. "It does not matter whether a prior case was wrongly decided; whether it failed to consider certain critical issues or arguments; or whether it lacked adequate legal analysis to support its conclusions." *United States v. Lee*, 886 F.3d 1161, 1163 n.3 (11th Cir. 2018) (citations omitted)). We have applied the prior-panel-precedent rule where a case does not involve the same statute as its prior precedent, but involves the same statutory language, such that the textual differences were not "sufficient for a panel to be able to write around [its] prior panel precedent . . . ." *United States v. Gillis*, 938 F.3d 1181, 1199-1200 (11th Cir. 2019).

Although both Lopez and the government argue that Lopez's Commerce Clause argument is foreclosed by prior precedent, our court has never addressed the constitutionality of § 922(k) in the context of the Commerce Clause. We have addressed other statutes with similar jurisdictional language and have held that a defendant's possession of a firearm that had traveled in interstate commerce in the past was sufficient to satisfy the interstate commerce element and the Commerce Clause. *See United States v. Pritchett*, 327 F.3d 1183, 1185-86 (11th Cir. 2003) (addressing § 922(j)); *see also United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996) (addressing § 922(g)). However, our court has applied the prior panel precedent rule to cases involving different statues, where the statutory text is not sufficiently different to write around its prior panel precedent. *Gillis*, 938 F.3d at 1199-1200. Therefore, given the similarities in the language between § 922(g)(1), § 922(j), and § 922(k), Lopez's argument is likely foreclosed by our precedent. Moreover, even if the argument is not foreclosed by our

precedent, Lopez's argument fails the first prong of plain error review because there is no caselaw from our court or the Supreme Court holding that § 922(k) is unconstitutional under the Second Amendment. Thus, we conclude there is no merit to Lopez's argument, and affirm his convictions.

### III.

Section 2K2.4 of the Federal Sentencing Guidelines applies where a defendant has violated 18 U.S.C. §§ 844(h), 924(c), or 929(a). U.S.S.G. § 2K2.4(a), (b). The commentary provides that, "[i]f a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." *Id.*, comment. (n.4).

"[W]hen a defendant is convicted of a § 924(c) violation and an underlying offense, the *defendant's* possession of a weapon cannot be used to enhance the level of the underlying offense." *United States v. Diaz*, 248 F.3d 1065, 1107 (11th Cir. 2001) (involving the issue of whether a defendant could be held accountable under § 2D1.1(b)(1) for a co-conspirator's possession of the firearm as relevant conduct)[2]; *see also United States v. Timmons*, 283 F.3d 1246, 1254 (11th Cir. 2002) ("[B]ecause Timmons was convicted and

---

[2] *Diaz* discusses the relevant commentary to § 2K2.4 as it appeared in Application Note 2 at that time. Amendment 642 to the Federal Sentencing Guidelines thereafter moved Application Note 2 to its current location in Application Note 4. *See* U.S.S.G. App. C, Amend. 642 (2002).

sentenced for violating § 924(c) by possession of a firearm during and in relation to the drug-trafficking crime . . . , the district court [was] precluded from applying a weapons enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) to the underlying drug charges"). This "prevent[s] 'double counting' for firearms use[d] in any *one criminal event*." *United States v. Pringle*, 350 F.3d 1172, 1180 (11th Cir. 2003).

"When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, 578 U.S. 189, 198, 136 S. Ct. 1338, 1345 (2016). While the government may point to record evidence, including relevant statements by the judge, to counter a showing of prejudice the defendant may make, "[w]here, however, the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights." *Id.* at 200-01, 136 S. Ct. at 1346-47.

The record demonstrates, and both parties agree,[3] that the district court plainly erred in applying the two-level § 2D1.1(b)(1) specific offense characteristic enhancement for possessing a dangerous weapon in calculating Lopez's guidelines range. *See United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014) (when a

---

[3] We applaud the government for confessing error on this issue.

party fails to object at sentencing, appellate court reviews for plain error only). The district court sentenced Lopez for violating § 924(c)(1)(A)(i), and a defendant's conviction for possession of a weapon cannot be used to enhance the level of the underlying offense. *See Diaz; Timmons*. Further, the record is silent as to what sentence the district court might have imposed if it had considered the correct advisory guidelines range. Thus, there was an error, that was plain and that affected Lopez's substantial rights. The error also seriously affected the fairness of the judicial proceedings because Lopez received a harsher sentence than the district court may have imposed had it been aware of the correctly calculated guideline. Thus, we vacate Lopez's sentence and remand the case for a new sentencing hearing.

Accordingly, based on the aforementioned reasons, we affirm Lopez's convictions but vacate his total sentence and direct the district court on remand to conduct a resentencing hearing in accordance with this opinion.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**.