[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13084

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BENJAMIN TYREE TOWNSEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:21-cr-00050-JA-PRL-1

_____

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Benjamin Townsel appeals his convictions for three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). Townsel argues that his convictions should be vacated because the statutory prohibitions on the possession of firearms by felons and the possession of firearms with obliterated serial numbers run afoul of the Second Amendment and because Congress lacked authority under the Commerce Clause to prohibit the possession of a firearm simply because the weapon previously moved in interstate commerce. After careful consideration, we affirm.

## I.

On three separate occasions over several months, Townsel, who is a convicted felon, possessed a firearm. The serial number on one of these firearms was scratched and unreadable. A grand jury charged Townsel with three counts of being a felon in possession of a firearm and one count of possession of a firearm with an obliterated serial number. He pleaded guilty. The district court sentenced Townsel to a total of 144 months' imprisonment.

This is Townsel's appeal.

## II.

Ordinarily, when a defendant enters a valid guilty plea, he waives any non-jurisdictional defects in the proceedings. *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014). But Townsel's guilty plea did not waive his constitutional challenges to the statutory prohibitions on felons possessing firearms or the possession of firearms with obliterated serial numbers. *See Class v. United States*, 583 U.S. 174, 181 (2018) (holding that a defendant who pleaded guilty did not waive his Second Amendment challenge to a statute of conviction when this claim did not "contradict the terms of the indictment or the written plea agreement").

Although we generally review *de novo* the constitutionality of a statute, we review for plain error when a defendant raises a constitutional challenge to a statute of conviction for the first time on appeal. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). To show plain error, a defendant must establish (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.* An error is plain only if it is contrary to a federal statute or on-point precedent from this Court or the United States Supreme Court. *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013).

## III.

On appeal, Townsel challenges the constitutionality of 18 U.S.C. § 922(g)(1), which prohibits individuals with felony convictions from possessing firearms or ammunition, and 18 U.S.C.

§ 922(k), which prohibits anyone from possessing a firearm with a removed, altered, or obliterated serial number. He raises two types of constitutional challenges to each of these statutes. First, he argues that the statutory prohibitions run afoul of the Second Amendment. Second, he says that Congress lacked authority under the Commerce Clause to enact these restrictions. We address each issue in turn.

### A.

We begin with the Second Amendment challenges. According to Townsel, § 922(g)(1)'s prohibition on felons possessing firearms and § 922(k)'s prohibition on the possession of firearms with obliterated serial numbers violate the Second Amendment, which states that: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Because Townsel raises his Second Amendment challenges for the first time on appeal, we review for plain error only. We conclude that he has not established plain error.

We begin our analysis with the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008). In *Heller*, the Court considered a Second Amendment challenge to a District of Columbia law that barred the private possession of handguns in homes. *Id*. at 635. After considering the text and history of the Second Amendment, the Court concluded that it conferred on an individual a right to keep and bear arms. *Id*. at 595. The Court held that the ban on handgun possession in the home violated the Second

Amendment. *Id.* at 635. But the Court noted that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Id.* at 626. The Court labeled these prohibitions as "presumptively lawful." *Id.* at 627 n.26.

After *Heller*, we considered a constitutional challenge to § 922(g)(1)'s prohibition on felons possessing firearms. *See United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010). We rejected this challenge, holding that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.* at 771.

Several years later, the Supreme Court considered a Second Amendment challenge to New York's gun-licensing regime that limited when a law-abiding citizen could obtain a license to carry a firearm outside the home. *See N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 11 (2022). The Court recognized that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Id.* at 10. It explained that to determine whether a restriction on firearms was constitutional, courts must begin by asking whether the firearm regulation at issue governs conduct that falls within the plain text of the Second Amendment. *Id.* at 17. If the regulation covers such conduct, a court may uphold it only if the government "affirmatively prove[s] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19. *Bruen* emphasized that *Heller* established the correct test for

determining the constitutionality of gun restrictions. *See id*. at 39. And, like *Heller*, *Bruen* described Second Amendment rights as extending only to "law-abiding, responsible citizens." *Id*. at 26 (internal quotation marks omitted).

After *Bruen*, we considered another Second Amendment challenge to § 922(g)(1). *See United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024). We held that the challenge was foreclosed by *Rozier*, which "interpreted *Heller* as limiting the [Second Amendment] right to law-abiding and qualified individuals and as clearly excluding felons from those categories by referring to felon-in-possession bans as presumptively lawful." *Id*. at 1293 (internal quotation marks omitted). We observed that in *Bruen*, the Supreme Court continued to describe the right to bear arms as extending only to "law-abiding, responsible citizens." *Id*. (internal quotation marks omitted). Accordingly, we affirmed the defendant's conviction. *Id*.

Based on *Bruen*, Townsel challenges § 922(g)(1)'s prohibition on felons possessing firearms and § 922(k)'s prohibition on the possession of firearms with obliterated serial numbers. He argues that these bans "are not consistent with this country's historical tradition of firearms regulations." Appellant's Br. 7. But Townsel cannot show plain error because he has not identified any on-point precedent from this Court or the United States Supreme Court holding that the prohibitions set forth in § 922(g)(1) or § 922(k) violate the Second Amendment.

## B.

We now turn to Townsel's Commerce Clause challenges to § 922(g)(1) and § 922(k). He argues that "Congress's Commerce Clause powers do not permit it to criminalize the intrastate possession of a firearm simply because it crossed state lines in the past." Appellant's Br. 30. Because Townsel raises the Commerce Clause challenges for the first time on appeal, we review for plain error only.

We conclude that Townsel failed to establish plain error. He has not identified any on-point precedent from this Court or the United States Supreme Court holding that Congress exceeded its authority under the Commerce Clause when it enacted the prohibitions set forth in § 922(g)(1) or § 922(k). Indeed, Townsel acknowledges that his challenges are foreclosed by precedent in which we rejected a similar Commerce Clause challenge. *See United States v. Pritchett*, 327 F.3d 1183, 1185 (11th Cir. 2003).

**AFFIRMED.**